Donald A. BOULDEN, Petitioner–
Appellant,

v.

James JANECKA, Warden; Attorney
General of the State of New Mex-
ico, Respondents–Appellees.

No. 10–2222.

United States Court of Appeals,
Tenth Circuit.

March 23, 2011.

Donald A. Boulden, Hobbs, NM, pro se.

Margaret Elizabeth McLean, Esq., At-
torney General for the State of New Mexi-
co, Santa Fe, NM, for Respondents–Appel-
lees.

Before BRISCOE, Chief Judge, TACHA
and MURPHY, Circuit Judges.

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

MICHAEL R. MURPHY, Circuit
Judge.

This matter is before the court on Don-
ald A. Boulden's pro se request for a cer-
tificate of appealability ("COA"). Boulden
seeks a COA so he can appeal the denial of
his 28 U.S.C. § 2254 petition. 28 U.S.C.
§ 2253(c)(1)(A). Because Boulden has not
"made a substantial showing of the denial
of a constitutional right," id. § 2253(c)(2),
this court **denies** his request for a COA
and **dismisses** this appeal.

In 2006, Boulden pleaded no contest in
New Mexico state court to one count of
third-degree criminal sexual penetration,
in violation of N.M. Stat. Ann. § 30–9–
11(E), and one count of first-degree kid-
napping, in violation of N.M. Stat. Ann.
§ 30–4–1(A)(4). In exchange for Boul-
den's no-contest plea, New Mexico dis-
missed two charges of second-degree crim-
inal sexual penetration, in violation of N.M.
Stat. Ann. § 30–9–11(D), and one count of
assault with intent to commit a violent
felony, in violation of N.M. Stat. Ann.
§ 30–3–3. This had the effect of consider-
ably reducing Boulden's potential sentence
from something greater than three life
sentences to nothing more than thirty-
years' imprisonment. Because his plea
agreement contained a waiver of appellate
rights, Boulden did not file a direct appeal.
He did, however, file a state petition for
post-conviction relief. After holding an ev-
identiary hearing, the state court denied
Boulden's request for post-conviction re-
lief; the New Mexico Supreme Court de-
nied Boulden's request for a writ of certio-
rari.

Boulden then filed the instant § 2254
petition for habeas corpus in the United
States District Court for the District of
New Mexico. The matter was referred to
Magistrate Judge Karen Molzen for initial
proceedings pursuant to 28 U.S.C.
§ 636(b)(1)(B). The magistrate judge is-
sued two separate Reports and Recom-
mendations, which together fully resolved
Boulden's petition. In the first Report
and Recommendation, filed November 24,
2009, the magistrate judge concluded sev-
eral of Boulden's claims were unexhausted.
She further concluded, utilizing the analyt-
ical structure set out by this court in *Allen
v. Zavaras,* 568 F.3d 1197, 1201 (10th Cir.
2009), that the appropriate course was to
give Boulden the option of deleting his
unexhausted claims and proceeding on the
merits with the remaining claims. Such a
course was appropriate, according to the
magistrate judge, because the equities did
not favor the use of a "stay and abeyance,"
and because an outright dismissal of the
petition would likely bring the limitations
period set out in 28 U.S.C. § 2244(d) into

play. *See Allen,* 568 F.3d at 1201. After the district court adopted the Report and Recommendation, Boulden dismissed the unexhausted claims and the magistrate judge proceeded to resolve the exhausted claims on the merits. In a second Report and Recommendation, this one filed on September 3, 2010, the magistrate judge analyzed each remaining ground for relief set out in Boulden's § 2254 habeas petition and recommended that the district court deny habeas relief. The district court adopted the Report and Recommendation and denied Boulden's petition.

The granting of a COA is a jurisdictional prerequisite to Boulden's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To be entitled to a COA, Boulden must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336, 123 S.Ct. 1029 (quotations omitted). In evaluating whether Boulden has satisfied·his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338, 123 S.Ct. 1029. Although Boulden need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Boulden's appellate filings, the district court's orders, the magistrate judge's exceedingly thorough and well-stated Reports and Recommendations, and the entire record before this court, we conclude Boulden is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by Magistrate Judge Molzen in her Reports and Recommendations. Accordingly, this court **DENIES** Boulden's request for a COA and **DISMISSES** this appeal.